**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tomasa Edelia Serrano Urias,<br>Petitioner<br>-vs-<br>Eric Rokosky, et al.,<br>Respondents. | CV-26-10410-PHX-JFM<br><br>**ORDER** |

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed November 13, 2026 (Doc. 1).

**<u>Background</u>** – Petitioner is a native and citizen of Honduras, who entered the United States in 2005 without inspection, and has remained since. Most recently she has resided in West Palm Beach, Florida. She has three resident children, and four U.S. citizen grandchildren.

On October 3, 2026, Petitioner was arrested by Florida authorities (purportedly for driving without a license, a traffic offense). Petitioner has no other criminal record. She was detained by immigration authorities on the same day, and issued a Notice Appear.

A superseding Notice to Appear was filed on October 19, 2026, and Petitioner sought a bond determination. A bond hearing was held on October 20, 2026. Petitioner offered various support for her request, including evidence of a fixed address, and an offer of sponsorship by a U.S. Citizen son-in-law. The request was denied, the Immigration Judge (IJ) reasoning:

> The Court conducted an individualized bond hearing. Applying the 9 Guerra factors, the Court finds that Respondent has not met her burden in establishing that she is a suitable bail risk based on: manner of entry; lack of close immediate family ties with status that can confer relief on Respondent; no proof of stable employment; no proof of ownership of property or savings in the US; and, most importantly, no relief from removal has been filed with the Court or

> USCIS - relief appears to be speculative in nature. see Matter of Guerra; Matter of A-L-S-; Matter of Andrade.

Petitioner has not filed an appeal to the Board of Immigration Appeals (BIA).[1] (In *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), the BIA .

**Briefs on Petition** - Petitioner's Petition argues: (1) her Fifth Amendment due process rights were violated because (a) the IJ ignored probative evidence which would justify release; (b) the IJ relied on factors common to nearly every removable alien in Petitioner's position, (c) the IJ misapplied the "family ties factor," under *Guerra*, and (d) the IJ erroneously relied on Petitioner's failure to file an application for relief, when none could be filed prior to her first master calendar hearing; (2) her Firth Amendment Due Process rights and 8 U.S.C. § 12269A) were violated because the IJ failed to consider whether bond or conditions would secure her appearance; (3) her Fifth Amendment due process rights were violated because the burden of proof was allocated to her; and (4) she can only be properly detained pursuant to 8 U.S.C. § 1226(a). Petitioner requests, *inter alia*, release on reasonable conditions of supervision or alternatively a new bond hearing.

Respondents' Response (Doc. 8) argues Petitioner has failed to exhaust her administrative remedies by appealing to the BIA, and that none of her claims assert meritorious constitutional claims that could not be adequately addressed by the BIA.

Petitioner's Reply (Doc. 9) argues that Responsdents fail to address his arguments in Grounds 1(a), 1(d), and 2, and agree with Ground 3. Regarding Grounds 1(a) and 2, Petitioner argues that the IJ's decision fails to discuss his evidence or the ability of bond or supervision to secure appearance. Petitioner argues that *Rodriguez Diaz* does not resolve

---

[1] "Immigration Judges may look to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate. These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

Grounds 1 and 2, because it is not a complete bar on due process challenges, and *Singh* does not preclude Ground 3. Petitioner argues prudential exhaustion should be waived because of futility (because she raises constitutional claims) and irreparable injury, and that her claims are not merely ordinary errors but constitutional errors.

**Ground 4 Without Merit** – In Ground 4, Petitioner argues she can only be properly detained pursuant to 8 U.S.C. § 1226(a). Respondents agree, as does the Court. That, however, does not provide a ground for release. At best, it is a necessary prerequisite to Petitioner's various arguments under § 1226.

**Grounds 1 and 2 Unexhausted** - As a general rule, Petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (remanding for dismissal for habeas petition challenging IJ's bond determination). This exhaustion requirement applies "as a matter of judicial prudence." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037 (9th Cir. 2001). Thus it is subject to exceptions, including those where the administrative process is incapable of reaching the claims made.

Grounds 1 and 2 Resolvable by BIA – Petitioner contends that her failure to exhaust her administrative remedies by appealing to the BIA should be excused because her claims are constitutional in nature.

> An exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures. Because the BIA has no jurisdiction to adjudicate constitutional issues, the Act's exhaustion requirement does not preclude petitioners from raising them for the first time before the Court of Appeals.
>
> Notwithstanding the exception, a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process. Those allegations do not guarantee review in the court of appeals of procedural errors correctable by the administrative tribunal.

*Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir. 1994) (quotations and citations omitted).

Petitioner, in general, has a right to seek review of the IJ's bond decision. s "Appeals may be filed with the Board of Immigration Appeals from the following:...(7)

Determinations relating to bond, parole, or detention of an alien as provided in 8 C.F.R. § 1236 Subpart A." 8 C.F.R. § 1003.1(b). "The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigrat ion judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii).

It is true that "the BIA lacks jurisdiction to decide questions of the constitutionality of governing statutes or regulations." *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995) But ). However, if the claim is merely an allegation of procedural error which is correctable by the BIA, couched in constitutional terms (e.g. a denial of due process), then exhaustion would be required. *See Rashtabadi*, 23 F.3d at 1567. Petitioner offers nothing to show that the factual and legal issues underlying Grounds 1(a) (ignoring Petitioner's evidence), 1(b) (relying on common factors), 1(c) (misapplication of the family-ties factor), 1(d) (reliance on lack of unavailable application), and 2 (failure to consider efficacy of bond/conditions) are not addressable or remediable by the BIA. For example, Petitioner offers nothing to show that the BIA could or would not agree with Petitioner's underlying challenges to the IJ's decision (without reaching the constitutional questions), and grant relief.

**Ground 3 Purely Constitutional and Challenge to Merits Waived** - In Ground 3, Petitioner argues her Fifth Amendment due process rights were violated because the burden of proof was allocated to her. Respondents do not address the merits of this claim, nor do they suggest how such a claim is reviewable by the BIA. Indeed, the regulations provide that to be entitled to release under § 1226, "the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). Indeed, the IJ denied bond because Petitioner "has not met her burden in establishing that she is a suitable bail risk."

Accordingly, the Court will grant relief on Ground 3. To avoid such relief being rendered meaningless, the Court will place restrictions on redetention.

**IT IS THEREFORE ORDERED:**

(A) Ground 3 of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** as described herein.

(A) Respondents must **IMMEDIATELY RELEASE** Petitioner, subject to the ordinary conditions of supervision imposed on aliens released on their own recognizance.

(B) Respondents must file a **NOTICE OF COMPLIANCE** within **three days** of the filing of this Order, including the particulars of the release (time, conditions, etc.).

(C) Absent a significant change in Petitioner's circumstances, Respondents must not re-detain Petitioner without at least three-days prior written notice and an opportunity to be heard on the reasons for the re-detention and consideration of bond, at which the government must bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to society, and that no bond or conditions of release can mitigate such risks.

(D) Any pending motions, including Petitioner's Motion for Temporary Relief (Doc. 2), are **DENIED** as moot.

(A) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: November 25, 2026

26-10410-001o Order 26 11 25 on Petiton for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge